UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KALOB WYTH MORRISON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GEORGE OPPYDEK; JEROME COUNTY JAIL; GEORGE WARRELL; MINI-CASSIA COUNTY CRIMINAL JUSTICE CENTER; and DAVE PINTHER,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-00564-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Kalob Wyth Morrison is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 7.

　　　　Plaintiff has now filed an Amended Complaint. Dkt. 8. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

　　　　Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

1.      **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Am. Compl.* at 5. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017)

("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

**2.     Screening Requirement and Pleading Standards**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3.  **Background**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff reasserts the following claims from the initial complaint against the Jerome County Sheriff with respect to Plaintiff's detention in the Jerome County Jail: (1) that he was denied reclassification; (2) that he was refused access to the law library; (3) that he did not have access to a table to eat or write on; and (4) that, because the recreation room does not have a restroom or access to drinks, he was denied recreation if he had to use the restroom or get a drink. Plaintiff has also added Jerome County as a named Defendant with respect to these claims. *Am. Compl.* at 2.

Plaintiff also asserts that, while he was detained in the Mini-Cassia Criminal Justice Center ("MCCJC), his legal mail was opened outside of his presence and "later used as evidence in [his] discovery." *Id*. at 3–5. Plaintiff alleges that this action violated his right to be free from interference with legal mail and his Sixth Amendment right to a fair trial. *Id.*

4.     **Discussion**

The Court explained in the Initial Review Order that Plaintiff's allegations in the initial complaint were "entirely too vague and general to proceed." *Initial Review Order* at 7. The Amended Complaint suffers from the same deficiency.

With respect to Plaintiff's access-to-courts claims, he still has not plausibly alleged that he suffered an actual injury from being denied access to a law library. *See Christopher v. Harbury*, 536 U.S. 403, 15 (2002) (holding that a plaintiff asserting access-to-courts claims must plead the loss (or expected loss) of a "nonfrivolous" or "arguable" underlying claim that must be set forth in the federal complaint, including the level of detail necessary "as if it were being independently pursued").

Plaintiff's due process claims about reclassification fail because the Due Process Clause does not guarantee inmates a particular security classification. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987).

Plaintiff's conditions-of-detention claims are implausible because not having a table in his cell simply does not give rise to a "substantial risk of serious harm." *See Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). In addition, Plaintiff does not disclose how often he was denied recreation or for how long. *See Norwood v. Vance*, 591 F.3d 1062, 1070 (9th Cir. 2010) (stating that a temporary denial of a basic necessity does not violate the Eighth Amendment).

Finally, Plaintiff's legal mail claims are also implausible. To be subject to liability for opening an inmate's legal mail, a jail official must have acted "arbitrarily or capriciously," as opposed to exhibiting mere negligence. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017). The Amended Complaint does not plausibly suggest that any Defendant acted with a sufficiently culpable state of mind when opening Plaintiff's legal mail.

For the foregoing reasons, the Amended Complaint is subject to dismissal because it fails to state a plausible claim for relief.

## 5.   Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED** that, for the reasons stated in this Order and the Initial Review Order (Dkt. 7), this entire case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: April 30, 2024

B. Lynn Winmill
U.S. District Court Judge